**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 9, 2010

No. 09-10937

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANNY RAY BARRETT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-358-1

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

Danny Ray Barrett pleaded guilty to a superseding indictment charging him with, *inter alia*, access device fraud (count 2) and wire fraud (count 5). The district court sentenced him to 120 months on each count to be served concurrently. Barrett seeks to appeal his sentence on the ground that the district court failed to apply properly U.S.S.G. § 3C1.3 and 18 U.S.C. § 3147. We conclude that Barrett's appeal is barred by the appeal waiver of his plea agreement and DISMISS the appeal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10937

As part of his plea agreement, Barrett waived his right to appeal, but he reserved the right to challenge a sentence exceeding the statutory maximum punishment, an arithmetic error at sentencing, the voluntariness of the plea or the appeal waiver, and any alleged ineffective assistance of his counsel. Because the Government seeks to enforce the appeal waiver, we consider its applicability. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). We apply a two-step inquiry, asking "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Barrett does not contest the voluntariness of his guilty plea or the appeal waiver, so we proceed to the second step.

Barrett argues that the appeal waiver is inapplicable here because he challenges an arithmetic error at sentencing. We disagree. Barrett committed his wire fraud offense while he was on pretrial release for the access device fraud offense. As a result, Barrett received a 3-level adjustment to his base offense level pursuant to U.S.S.G. § 3C1.3, which is designed to effectuate statutory sentencing enhancements required by 18 U.S.C. § 3147. *See United States v. Dison*, 573 F.3d 204, 207 n.7 (5th Cir. 2009).

Under § 3147, a defendant convicted of an offense committed while on release shall be sentenced, in addition to the sentence for the underlying offense, to a separate consecutive term of imprisonment. *See* § 3147. The sentencing guidelines instruct that where § 3147 is applicable, the district court should apply a 3-level adjustment to the defendant's offense level and should "divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." § 3C1.3, cmt. n.1. The total sentence may not exceed the adjusted guideline range for the underlying offense. *Id.* "For example, if the applicable adjusted guideline range is 30-37 months and the court determines a 'total punishment' of 36 months is

2

No. 09-10937

appropriate, a sentence of 30 months for the underlying offense plus 6 months under 18 U.S.C. § 3147 would satisfy this requirement." *Id.* The guideline's purpose is to "enable[] the court to determine and implement a combined 'total punishment' consistent with the overall structure of the guidelines, while at the same time complying with the statutory requirement." *Id.*, cmt. background.

Barrett argues that the district court failed to impose a sentence in accord with § 3C1.3 and § 3147 because the court did not apportion any part of the sentence between the underlying offense and the enhancement. Barrett contends that this was an arithmetic error because the guideline requires the district court to divide the sentence. We are not persuaded.

Nothing in Barrett's plea agreement or in his plea colloquy leads us to believe that the parties intended the phrase "arithmetic error" as used in the appeal waiver to mean anything beyond its plain text as an error involving a mathematical calculation. *See Bond*, 414 F.3d at 545 ("We must interpret the plea agreement like a contract, in accord with what the parties intended."). Barrett argues that the most common mathematical operations are addition, subtraction, multiplication, and division, and that because the district court failed to *divide* the sentence and *subtract* the penalty provision from the total punishment, the district court's error here was a mathematical error. But the district court's application of § 3C1.3 does not merely require the court to divide and subtract according to a pure mathematical formula. Barrett does not complain, for example, that the district court miscalculated the adjusted guideline range. Rather, the court is called upon to exercise its judgment in *apportioning* the total punishment between the sentence for the underlying offense and the separate, consecutive sentence due to the enhancement provision of § 3147. The guidelines provide no mathematical formula for this apportionment.

3

No. 09-10937

Barrett argues that the court failed to apportion the sentence at all, and that the court's error resulted in a "misapplication" of § 3C1.3 that "violated" the statutory requirements of § 3147. Barrett's argument is a direct challenge to the district court's application of the sentencing guidelines. Such a challenge, however, has been waived in the plea agreement. Accordingly, the appeal must be dismissed.

APPEAL DISMISSED.